IN THE OREGON TAX COURT
REGULAR DIVISION
Property Tax

| | | |
|---|---|---|
| PACIFICORP, | ) | |
| | ) | |
| Plaintiff, | ) | **TC 5411** |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | **ORDER ON PLAINTIFF'S MOTION** |
| | ) | **FOR RECONSIDERATION** |
| Defendant. | ) | **(CONSTITUTIONAL ISSUES)** |

This matter is before the court on PacifiCorp's Motion for Reconsideration, which is limited to the court's order on partial summary judgment dated August 23, 2023. PacifiCorp asks the court to determine as a matter of law that rate regulation does not constitute a "genuine difference" for purposes of the Oregon Uniformity Clauses, because water supply businesses in Oregon are rate-regulated public utilities, yet their property is not centrally assessed.[1] However, as Defendant (the department) points out in response, the legislature in 1995 removed "water" businesses from the list of centrally assessed businesses in ORS 308.515(1) for the apparent reason that those businesses were small, highly localized, and likely to have the same value whether assessed locally or centrally (an indicator that they had no significant intangible property). *See* Or Laws 1995, ch 256, § 1 (amending ORS 308.515(1)(1995)). (*See* Def's Response at 3-4; Def's Decl of Harbur, Ex A (transcription of May 2, 1995, SB 209 hearing).) The court finds no basis to change its decision. As stated in the August 23 order, the absence of express criteria in ORS 308.515(1) to define the class of businesses subject to central assessment

_____

[1] Capitalized terms and abbreviations have the meanings assigned in the August 23, 2023, order.

ORDER ON PLAINTIFF'S MOTION FOR
RECONSIDERATION (CONSTITUTIONAL ISSUES)
TC 5411

and taxation of intangibles requires the court to consider the possibility that the legislature had more than one set of differences in mind when constructing the list. *See Delta Air Lines, Inc. v. Dept. of Rev.*, ___OTR ___ (Aug 23, 2023) (slip op at 45). The court concludes that the characteristics identified in the legislative history supplied by the department suffice as "genuine differences" that distinguish the water businesses from PacifiCorp even though both the water businesses and PacifiCorp are rate-regulated utilities. *See Jarvill v. City of Eugene*, 289 Or 157, 180, 613 P2d 1 (1980) ("[I]f the subterritory is different in quality compared to the rest of the territory, then article I, section 32, does not prohibit a taxing authority from defining the subterritory as a separate class.").

PacifiCorp also challenges the court's "rational basis" reasoning on the ground that taxation of utility intangibles ultimately burdens only ratepayers. The court disagrees that singling out the rate-regulated businesses listed in ORS 308.515(1) fails to clear the low bar of rationality. *See Vance v. Bradley*, 440 US 93, 111, 99 S Ct 939, 59 L Ed 2d 171 (1979) ("[T]hose challenging the legislative judgment must convince the court that the legislative facts on which the classification is apparently based *could not reasonably be conceived to be true* by the governmental decisionmaker.") (emphasis added). To be sure, fair-minded persons might argue that taxing the intangibles of that group is improvident and an awkward mix of the powers of regulation and taxation. But the court's role is only to identify any conceivable rational basis for the legislature's action, not to substitute the court's policy judgment for that of the legislature. *See Nashville, C. & St. L. Ry. v. Browning*, 310 US 362, 368, 60 S Ct 968, 84 L Ed 1254 (1940) ( "[A state] may treat railroads and other utilities with that separateness which their distinctive characteristics and functions in society make appropriate * * *.").

The court grants reconsideration and, having done so, adheres to its order of August 23, 2023.  Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Reconsideration is granted.

Dated this 29th day of September, 2023.

9/29/2023 9:31:33 AM

**Judge Robert T. Manicke**